UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

MILES LACROSS,

        Plaintiff,

vs.

CITY OF DULUTH, A MINNESOTA
MUNICIPALITY; OFFICER ANTON MARC,
INDIVIDUALLY AND IN HIS CAPACITY AS
A DULUTH POLICE OFFICER; SGT. FOGERTY,
INDIVIDUALLY AND IN HIS CAPACITY AS A
DULUTH POLICE OFFICER; LT. DAN CHICHOS,
INDIVIDUALLY AND IN HIS CAPACITY AS A
DULUTH POLICE OFFICER; AND UNKNOWN/
UNNAMED POLICE OFFICERS OF THE CITY OF
DULUTH; ST. LUKE'S HOSPITAL, A MINNESOTA
ENTITY; AND DR. PETER M. STENEHJEM, M.D.,

        Defendants.

Case No. 10 CV 3922 (JAE/LIB)

**ANSWER OF DEFENDANTS
ST. LUKE'S HOSPITAL AND
PETER M. STENEHJEM, M.D.**

---

    Come now Defendants St. Luke's Hospital and Peter M. Stenehjem, M.D. and, for their Answer to the Complaint herein, admit, deny, and allege as follows:

    1.    Except as hereinafter specifically admitted, Defendants deny each and every allegation contained within the Complaint.

    2.    In answer to paragraph 1 of the Complaint, Defendants are uncertain as to the meaning of the phrase "at all material times" in the second and third sentences of paragraph 1 and, therefore, deny the same for lack of information and belief. Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted against the other named defendants and deny the same for lack of information and belief. Defendants allege that Dr. Stenehjem was and is at all times pertinent to the matter herein an employee and/or agent of

St. Luke's Hospital.  Defendants deny any wrongful activity on their part in connection with the matters alleged or otherwise; and Defendants deny that any wrongful activity on their part caused any injury to Plaintiff Miles Lacross.  Defendants deny the remaining allegations of said paragraph.

3. In answer to paragraph 2 of the Complaint, Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted against the other named defendants and deny the same for lack of information and belief.  Defendants deny any negligence or other wrongful activity on their part in connection with the matters alleged or otherwise; and Defendants deny that any negligence or wrongful activity on their part caused any injury to Plaintiff Miles Lacross.  Defendants deny the remaining allegations of said paragraph.

4. Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted in paragraphs 3 and 4 of the Complaint and deny the same for lack of information and belief and put Plaintiff to his strict proof thereof.

5. Defendants are uncertain as to the meaning of the phrase "at all times material" in paragraph 5 of the Complaint and, therefore, deny the same for lack of information and belief. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations within said paragraph and deny the same for lack of information and belief.

6. In answer to paragraph 6 of the Complaint, Defendants are uncertain as to the meaning of the phrase "At all times material" in the second sentence of said paragraph and, therefore, deny the same for lack of information and belief.  Defendants are without knowledge sufficient to form a belief as to the truth of the matters asserted with respect to the other named defendants herein and deny the same for lack of information and belief.  Defendants allege that St. Luke's Hospital is a non-profit Minnesota corporation with it principal place of business in

the County of St. Louis, State of Minnesota and engaged in the business of providing healthcare services to hospitals, clinics, and other healthcare facilities through its employees. Defendants further allege that Dr. Stenehjem was and is a resident of the County of St. Louis, State of Minnesota, and employed by St. Luke's Hospital as an emergency department physician. Defendants deny the remaining allegations of said paragraph.

7. In answer to the section of the Complaint entitled "FACTS," paragraphs 7 through 18, Defendants are without knowledge sufficient to form a belief as to the truth of the matters alleged with respect to the other named defendants and deny the same for lack of information and belief. Defendants deny that the allegations contained within said paragraphs constitute a fair or accurate summary of the medical care provided by Dr. Stenehjem and/or St. Luke's Hospital and refer Plaintiff to the medical records herein for accurate information. Defendants further deny any negligence or other wrongful activity on their part in connection with the matters alleged or otherwise; Defendants deny that any negligence or other wrongful activity on their part caused any injury to Plaintiff Miles Lacross; and, in respect of the allegations of injury of damages contained within said paragraphs, Defendants deny the same for lack of information and belief. Defendants deny the remaining allegations of said paragraphs.

8. No answer would seemingly be required of these answering defendants to the first cause of action entitled "NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS," paragraphs 13 through 17 of the Complaint. To the extent an answer is required, Defendants deny the allegations contained within said paragraphs for lack of information and belief.

9. No answer would seemingly be required of these answering defendants to the second cause of action entitled "42 USC § 1983 EXCESSIVE FORCE AND DUE PROCESS VIOLATIONS," paragraphs 18 through 23 of the Complaint. To the extent an answer is

required, Defendants deny the allegations contained within said paragraphs for lack of information and belief.

10. In answer to the third cause of action entitled "42 U.S.C. § 1985," paragraphs 24 through 28 of the Complaint, Defendants are without knowledge sufficient to form a belief as to the truth of the matters alleged with respect to the other named defendants and deny the same for lack of information and belief. Defendants deny any tacit agreement or conspiracy in violation of 42 U.S.C. § 1985 or any other wrongful act on their part in connection with the matters alleged or otherwise; Defendants deny that any tacit agreement or conspiracy in violation of 42 U.S.C. § 1985 or any other wrongful act on their part caused any injury to Plaintiff Miles Lacross; and, in respect of the allegations of injury of damages contained within said paragraphs, Defendants deny the same for lack of information and belief and put Plaintiff to his strict proof thereof. Defendants deny the remaining allegations of said paragraphs.

11. No answer would seemingly be required of these answering defendants to the fourth cause of action entitled "42 U.S.C § 1983 MONELL CLAIM," paragraphs 29 through 33 of the Complaint. To the extent an answer is required, Defendants deny the allegations contained within said paragraphs for lack of information and belief.

12. In answer to the fifth cause of action entitled "NEGLIGENCE," paragraphs 34 through 38 of the Complaint, Defendants are without knowledge sufficient to form a belief as to the truth of the matters alleged with respect to the other named defendants and deny the same for lack of information and belief. Defendants deny that the allegations contained within said paragraphs constitute a fair or accurate summary of the medical care provided by Dr. Stenehjem and/or St. Luke's Hospital and refer Plaintiff to the medical records herein for accurate information. Defendants further deny any negligence or other wrongful activity on their part in

connection with the matters alleged or otherwise; Defendants deny that any negligence or other wrongful activity on their part caused any injury to Plaintiff Miles Lacross; and, in respect of the allegations of injury of damages contained within said paragraphs, Defendants deny the same for lack of information and belief and put Plaintiff to his strict proof thereof.  Defendants deny the remaining allegations of said paragraphs.

13. In answer to the sixth cause of action entitled "SECTION 1983 FAILURE TO PROVIDE MEDICAL TREATMENT," paragraphs 39 through 44 of the Complaint, Defendants are without knowledge sufficient to form a belief as to the truth of the matters alleged with respect to the other named defendants and deny the same for lack of information and belief.  Defendants deny that the allegations contained within said paragraphs constitute a fair or accurate summary of the medical care provided by Dr. Stenehjem and/or St. Luke's Hospital and refer Plaintiff to the medical records herein for accurate information.  Defendants further deny any negligence or other wrongful activity on their part in connection with the matters alleged or otherwise; Defendants deny that any negligence or other wrongful activity on their part caused any injury to Plaintiff Miles Lacross; and, in respect of the allegations of injury of damages contained within said paragraphs, Defendants deny the same for lack of information and belief and put Plaintiff to his strict proof thereof.  Defendants deny the remaining allegations of said paragraphs.

Affirmative Defenses

14. As and for a first affirmative defense to the Complaint herein, Defendants allege that some or all of Plaintiff's claims against St. Luke's Hospital and Dr. Stenehjem are barred by the applicable statute of limitations.

15. As and for a second affirmative defense to the Complaint herein, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to St. Luke's Hospital and Dr. Stenehjem.

16. As and for a third affirmative defense to the Complaint herein, Defendants allege that the injuries alleged are the result of Plaintiff Miles Lacross' own actions or the actions of others over whom these answering defendants have no control.

### Demand for Affidavits

17. Defendants demand service of the affidavits required pursuant to Section 145.682 of the Minnesota Statutes.

WHEREFORE, Defendants pray that the Complaint herein be dismissed, that Plaintiff take nothing thereby, and that these answering defendants be granted their costs and disbursements herein.

Dated: October 6, 2010.                REYELTS BATEMAN & SCHRAMM, LTD.


By: s/Tracy A. Schramm
Tracy A. Schramm  #313245
Charles B. Bateman  #135343
332 West Superior Street, Suite 700
Duluth, Minnesota 55802
(218) 727-6833-Telephone
(218) 727-4632-Fax
*Attorneys for Defendants St. Luke's Hospital and Peter M. Stenehjem, M.D.*