UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MILES LACROSS,                     File No.: 10CV3922 JNE/LIB

          Plaintiff,

     vs.

CITY OF DULUTH, A MINNESOTA
MUNICIPALITY; OFFICER ANTON
MARC, INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; SGT. FOGERTY,
INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; LT. DAN CHICOS,
INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; AND
UNKNOWN/UNNAMED POLICE
OFFICERS OF THE CITY OF DULUTH;
ST. LUKE'S HOSPITAL, A
MINNESOTA ENTITY; AND DR.
PETER M. STENEHJEM, MD,

          Defendants.

---

### ANSWER OF DEFENDANT DAN CHICOS

Defendant Dan Chicos responds to the Complaint as follows:

1.      Unless admitted or otherwise qualified, deny the allegations asserted in the Complaint.

2.      Admit this court has jurisdiction.

3. Assert that he is without sufficient information to admit or deny allegations found in paragraph 5; therefore, they are denied.

4. Admit that the City of Duluth is a municipal corporation organized pursuant to the laws of the State of Minnesota.

5. Admit that Defendants Mark, Chicos and Fogarty were employees of the City of Duluth on September 17, 2006.

6. Admit that Defendant Mark and Chicos were on duty in their official capacity as licensed peace officers between the hours of 01:53 and 03:30 on September 17, 2006.  As to Defendant Fogarty's duty status between the hours of 01:53 and 03:30, upon information and belief deny that Defendant Fogarty was on duty and assert that Defendant Fogarty was not involved in the events forming the basis of this action.

7. With regard to various allegations directed toward Defendant St. Luke's Hospital and Defendant Stenehjem, Plaintiff and the court are directed to the answers of these defendants.   This answering defendant is without knowledge or information and therefore the allegations are denied.

8. With regard to the allegations contained in paragraphs 6-18, respond as follows:

    a. Deny that Defendant Chicos was present or involved in the investigative stop of LaCross conducted by Defendant Mark.

    b. Admit that Defendant Chicos was notified that LaCross was a suspect in an attempted assault of Defendant Mark and had fled and that he engaged in a search of the suspect.

  c. Admit that at approximately 02:05 hours on September 17, 2006, Defendant Chicos located LaCross and advised dispatch.

  d. Admit that Defendant Mark responded to Defendant Chicos's location and took custody of LaCross.

  e. Admit that LaCross was placed in Defendant Mark's squad car for transport.

  f. Deny that Defendant Chicos had any further contact with LaCross.

  g. Deny remaining allegation asserted in paragraphs 6-18.

9. Deny the allegations of Count I.

10. Deny the allegations of Count II.

11. Deny the allegations of Count III.

12. Deny the allegations of Count IV.

13. With regard to the allegations of Count V, respond as follows:

  a. To the extent the allegations are directed towards the actions of Defendant Chicos they are denied.

  b. Assert that Defendant Chicos is without sufficient information to admit or deny the remaining allegations of Count V; therefore, they are denied.

14. With regard to the allegations of Count VI, respond as follows:

  a. To the extent the allegations are directed towards the actions of Defendant Chicos they are denied.

  b. Assert that Defendant Chicos is without sufficient information to admit or deny the remaining allegations of Count VI; therefore, they are denied.

DEFENSES

15. The Plaintiff has knowingly asserted claims against Defendant Chicos that have no factual support and without having conducted an adequate investigation; therefore, Plaintiff and his counsel have violated Rule 11, Fed.R.Civ.P. Defendant Chicos reserves the right to seek sanctions pursuant to Rule 11 and attorney fees pursuant to 42 U.S.C. § 1988.

16. Plaintiff has asserted claims that fail to state a claim upon which relief may be granted.

17. Defendant Chicos is protected by qualified immunity.

18. Defendant Chicos is protected by official immunity.

19. Plaintiff failed to put Defendant Chicos on notice of his claims arising under state law as required by MSA §466.05, subd. 1. Defendant Chicos's ability to defend himself has been prejudiced as a result; therefore, the claims are subject to dismissal.

WHEREFORE, Defendant Chicos seeks an order of the court as follows:

a. Granting judgment in favor of Defendant Chicos and dismissing this action with prejudice.

b. Awarding Defendant Chicos his costs, disbursements and fees authorized by law.

c. Awarding Defendant Chicos sanctions and attorney fees pursuant to Rule 11, Fed.R.Civ.P. and 42 U.S.C. §1988.

d. Awarding Defendant Chicos other equitable relief as the court deems just.

Dated this 10th day of January, 2011

                                              Respectfully submitted,

                                              s/M. ALISON LUTTERMAN  
                                              M. ALISON LUTTERMAN  
                                              Bar Number 17676X  
                                              CITY OF DULUTH  
                                              Gunnar B. Johnson  
                                              City Attorney  
                                              Duluth City Attorney's Office  
                                              410 City Hall  
                                              Duluth MN  55802  
                                              Telephone: (218) 730-5490  
                                              Fax: (218)730-5918  
                                              alutterman@duluthmn.gov