UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MILES LACROSS,                          File No.: 10CV3922 JNE/LIB

        Plaintiff,

  vs.

CITY OF DULUTH, A MINNESOTA
MUNICIPALITY; OFFICER ANTON
MARC, INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; SGT. FOGERTY,
INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; LT. DAN CHICOS,
INDIVIDUALLY AND IN HIS
CAPACITY AS A DULUTH POLICE
OFFICER; AND
UNKNOWN/UNNAMED POLICE
OFFICERS OF THE CITY OF DULUTH;
ST. LUKE'S HOSPITAL, A
MINNESOTA ENTITY; AND DR.
PETER M. STENEHJEM, MD,

        Defendants.

---

ANSWER OF DEFENDANT ANTON MARK

Defendant Anton Mark responds to the Complaint as follows:

1.      Unless admitted or otherwise qualified, deny the allegations asserted in the Complaint.

2.      Admit this court has jurisdiction.

3. Assert that he is without sufficient information to admit or deny allegations found in paragraph 5; therefore, they are denied.

4. Admit that the City of Duluth is a municipal corporation organized pursuant to the laws of the State of Minnesota.

5. Admit that Defendants Mark, Chicos and Fogarty were employees of the City of Duluth on September 17, 2006.

6. Admit that Defendant Mark and Chicos were on duty in their official capacity as licensed peace officers between the hours of 01:53 and 03:30 on September 17, 2006. As to Defendant Fogarty's duty status between the hours of 01:53 and 03:30, upon information and belief deny that Defendant Fogarty was on duty and assert that Defendant Fogarty was not involved in the events forming the basis of this action.

7. With regard to various allegations directed toward Defendant St. Luke's Hospital and Defendant Stenehjem, Plaintiff and the court are directed to the answers of these defendants. This answering defendant is without knowledge or information and therefore the allegations are denied.

8. With regard to the allegations contained in paragraphs 6-18, respond as follows:

   a. Admit that on September 17, 2006 at approximately 01:53 Defendant Mark initiated an investigatory stop of Miles LaCross, who was 20 years of age, on the suspicion of consumption of alcohol by an underage person, a violation of state statute and city code.

b. Admit that LaCross was accompanied by a female who fled the scene. Assert that Defendant Mark is without sufficient information to know the identity of the female; therefore, allegations related to the identity of this female are denied.

c. Assert that LaCross attempted to assault Defendant Mark; that Defendant Mark defended himself and attempted to control LaCross by employing a taser w/probes; that the taser attempt failed; that LaCross was not exposed to an electrical charge; that there was no physical contact between LaCross and Mark; that the encounter did not result in injury to LaCross and that LaCross fled from the scene at approximately 01:54.

d. Assert that Defendant Mark was subsequently informed at approximately 02:05 hours on September 17, 2006, that LaCross had been located by Defendant Chicos. Defendant Mark responded to Chicos's location; and that LaCross was taken into custody and handcuffed.

e. Assert that Defendant Mark placed LaCross in his squad car for transport.

f. Assert that during transport LaCross became violent and again attempted to assault Defendant Mark.

g. Admit that Defendant Mark used his taser once by employing a touch tase to control LaCross after verbal commands and warnings failed to control LaCross.

h. Assert that Defendant Mark transported LaCross to St. Luke's Hospital and released him to the care of medical personnel.

i. Assert that Defendant Mark subsequently transported LaCross to a detoxification facility after St. Luke's medical personnel released LaCross.

j. Deny that Defendant Mark had any involvement in the medical care received by LaCross at St. Luke's Hospital and has no knowledge of such care. All allegations asserted against him which relate to such medical care are denied.

k. Assert that Defendant Mark delivered LaCross to the detoxification facility after his release from St. Luke's Hospital. Assert that the detoxification facility refused to admit LaCross advising Defendant Mark that LaCross was too sedated to be admitted.

l. Assert that Defendant Mark then transported LaCross back to St. Luke's Hospital, delivered him to the care of medical personnel, and cleared prior to 03:19:52 on September 17, 2006.

m. Deny remaining allegation asserted in paragraphs 6-18.

9. Deny the allegations of Count I.

10. Deny the allegations of Count II.

11. Deny the allegations of Count III.

12. Deny the allegations of Count IV.

13. With regard to the allegations of Count V, respond as follows:

a. To the extent the allegations are directed towards the actions of Defendant Mark they are denied.

b. Assert that Defendant Mark is without sufficient information to admit or deny the remaining allegations of Count V; therefore, they are denied.

14. With regard to the allegations of Count VI, respond as follows:

a. To the extent the allegations are directed towards the actions of Defendant Mark they are denied.

b.      Assert that Defendant Mark is without sufficient information to admit or deny the remaining allegations of Count VI; therefore, they are denied.

## DEFENSES

15.    The Plaintiff has knowingly asserted claims against Defendant Mark that have no factual support and without having conducted an adequate investigation; therefore, Plaintiff and his counsel have violated Rule 11, Fed.R.Civ.P.  Defendant Mark reserves the right to seek sanctions pursuant to Rule 11 and attorney fees pursuant to 42 U.S.C. § 1988.

16.    Plaintiff has asserted claims that fail to state a claim upon which relief may be granted.

17.    Defendant Mark is protected by qualified immunity.

18.    Defendant Mark is protected by official immunity.

19.    Plaintiff failed to put Defendant Mark on notice of his claims arising under state law as required by MSA §466.05, subd. 1.  Defendant Mark's ability to defend himself has been prejudiced as a result; therefore, the claims are subject to dismissal.

WHEREFORE, Defendant Mark seeks an order of the court as follows:

a.     Granting judgment in favor of Defendant Mark and dismissing this action with prejudice.

b.     Awarding Defendant Mark his costs, disbursements and fees authorized by law.

c.     Awarding Defendant Mark sanctions and attorney fees pursuant to Rule 11, Fed.R.Civ.P. and 42 U.S.C. §1988.

d.     Awarding Defendant Mark other equitable relief as the court deems just.

Dated this 10th day of January, 2011

          Respectfully submitted,

          s/M. ALISON LUTTERMAN
          M. ALISON LUTTERMAN
          Bar Number 17676X
          CITY OF DULUTH
          Gunnar B. Johnson
          City Attorney
          Duluth City Attorney's Office
          410 City Hall
          Duluth MN  55802
          Telephone: (218) 730-5490
          Fax: (218)730-5918
          alutterman@duluthmn.gov