UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Miles Lacross,

        Plaintiff,

vs.                   **PRETRIAL NOTICE AND ORDER**

City of Duluth, et al.,

        Defendants.        Civ. No. 10-3922 (JNE/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE TO COUNSEL

**Counsel should be aware and anticipate that the method to be used for the resolution of most discovery issue disputes and all other non-dispositive motions is presumed to be by "formal" motion practice. See, <u>Local Rule 7.1 of the Local Rules for the District Court of Minnesota</u>. The "informal procedure" in Paragraph 8 of this Pretrial Notice and Order is for use in addressing very minor issues only or where extremely exigent circumstances warrant deviation from compliance with Local Rule 7.1, and Counsel shall not unilaterally decide for themselves nor jointly stipulate to use of the "informal procedure" in Paragraph 8, since each instance of use of the procedures in Paragraph 8 shall be approved by the undersigned on a case-by-case basis only after considering a timely submitted request.**

**Counsel should also be aware and anticipate that pretrial conferences, "formal" motion practice, any other matter that needs to be conducted in open court upon the record, and settlement conferences will all be scheduled for and take place in the Federal Courthouse for the Division where the case is venued except that all 3rd and 4th Division case proceedings will be held at the Federal Courthouse in St. Paul, MN, unless otherwise notified.**

\* \* \* \* \* \* \* \* \* \*

In accordance with the provisions of Rules 16 and 26 of the Federal Rules of Civil

Procedure, in conformity with the Civil Justice Reform Act Implementation Plan for the District of

Minnesota, which was adopted by Order dated August 23, 1993, and pursuant to the Electronic Case

Filing Procedures for the District of Minnesota/Civil authorized by Order dated May 13, 2004, a Pretrial Conference in this matter is set for **10:00 a.m., on Tuesday, February 22, 2011**, before United States Magistrate Judge Leo I. Brisbois, in Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse, 515 West First Street, Duluth, Minnesota. In order to facilitate matters, it is --

ORDERED:

1. Unless otherwise directed, counsel for the parties shall confer no later than fourteen (14) days prior to the date of the Pretrial Conference for the purpose of:

    a. Preparing an agenda of matters to be discussed at the Pretrial Conference.

    b. Preparing a joint proposed Pretrial Order for the case that shall include a plan for discovery setting forth specific parameters for anticipated discovery, including the number of depositions, the volume of documents expected to be produced, the volume of written discovery, and the extent of expert discovery.

    c. Preparing a joint plan to control excessive litigation costs and delays. Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control and retrieval mechanisms to contain costs, stipulating to facts to eliminate unnecessary discovery, adopting procedures for orderly discovery, and scheduling alternating

periods for party discovery and any other matters counsel may agree upon to control excessive litigation costs and delays.

      d.      Preparing a schedule to submit to the Magistrate Judge for the Pretrial Conference which sets forth suggested time periods for fact discovery, for the joinder of parties and for expert discovery; cut-off dates for both nondispositive and dispositive Motions; and a trial readiness date.

      e.      Considering whether or not they will consent to trial by a Magistrate Judge.  If consent is given, specify preferred date certain for trial setting.  [**Date is subject to confirmance by the Magistrate Judge's calendar clerk**.]

**Counsel's attention is drawn to the attached Pretrial Order form which is to be followed in submitting the Proposed Joint Pretrial Order.  The Proposed Pretrial Order shall be submitted to Magistrate Judge Leo I. Brisbois at e-mail address: brisbois_chambers@mnd.uscourts.gov**.

    2.    After counsel have met and conferred on the matters set forth above, they will submit a joint statement setting forth each of the matters agreed upon at least **three (3) business days** prior to the Pretrial Conference.  To the extent that counsel cannot agree upon any of the items set forth in Paragraph 1 above, then each party shall submit its own proposal for each item for review by the Magistrate Judge.

3.      In addition to the foregoing, at least three (3) days prior to the Pretrial Conference, the Defendant(s) shall advise the Plaintiff(s) of any applicable insurance coverage and the limits of the same, and, if the Plaintiff has placed a medical condition, physical or mental, into controversy, then the Plaintiff shall provide a listing of all pertinent treating physicians, if any, and duly executed Medical Authorizations.  See, <u>O'Sullivan v. State of Minnesota</u>, 176 F.R.D. 325 (D. Minn. 1997). Each party shall also submit, by no later than **three (3) business days** prior to the Pretrial Conference, a concise statement of the party's version of the facts of the case; a listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number; and an itemization and explanation of any claimed damages.  **<u>This Statement of the Case is to be signed by counsel and filed pursuant to the Electronic Case Filing Procedures of the District of Minnesota and served on opposing counsel</u>**.

4.      In addition, subjects contemplated by Rule 16(c), Federal Rules of Civil Procedure, will be discussed.  Without limiting the generality of the foregoing, in advance of the Pretrial Conference the parties should consider:  1) Limitations and restrictions on expert testimony; 2) The appropriateness and timing of Summary Judgment; 3) The control and scheduling of discovery; 4) Resort to alternative dispute resolution techniques; 5) Reasonable limits on the time allowed for presenting evidence at trial; and 6) **<u>COUNSEL ARE EXPRESSLY DIRECTED TO SERIOUSLY DISCUSS SETTLEMENT AT THE TIME OF THE "MEET AND CONFER." THE RESULTS OF THAT DISCUSSION SHALL BE REPORTED TO THE COURT AT THE TIME OF THE INITIAL PRETRIAL CONFERENCE</u>**.

5.   Following the Pretrial Conference, an Order establishing a schedule for all Pretrial proceedings, and such other matters as contemplated by Rule 16, shall be entered.

6.   This Pretrial Conference will not be continued pursuant to an independent Stipulation or agreement of counsel or by an informal unilateral application by a party.  A continuance will be granted **only** by this Court and **only** for good cause shown.  However, the right to act upon a request for a continuance of the Pretrial Conference, ex parte, if exigent circumstances so warrant, is reserved.

7.   Counsel's attention is specifically drawn to the provisions of Rule 16(f), Federal Rules of Civil Procedure.

8.   Counsel are further advised that the undersigned has an informal procedure regarding minor pretrial disputes, and counsel are encouraged to use the informal procedure, as needed.  The following prerequisites are required:

> a.   **MEET and CONFER**.  Counsel are required to "meet and confer" regarding the dispute.  If the "meet and confer" is not possible, then the formal Motion practice is to be used.
>
> b.   **AGREEMENT**.  All parties must agree to the informal process, unless an exigency is presented which requires urgent relief.
>
> c.   **JOINT CONFERENCE**.  A joint telephone conference is to be scheduled with Victoria L. Miller (218-529-3520), Judicial Assistant to Magistrate Judge Leo I. Brisbois.  **ALL COUNSEL ARE REQUIRED TO BE ON THE TELEPHONE CONFERENCE, UNLESS EXCUSED BY THE COURT**.  During this conference, a hearing date and time will be set, along with deadlines for the parties' two-page (**maximum**) letter brief to the Court, identifying the dispute, and citing therein support, factual and legal, for the dispute's resolution.  The letter brief is to be filed with the Clerk's Office pursuant to the Electronic Case Filing Procedures

for the District of Minnesota. The letter brief shall have the following information:

> Letter Brief for Informal Hearing on (insert date and time) before Magistrate Judge Leo I. Brisbois.

**Counsel are advised that the submission of the two-page letter brief and the hearing date will be set in a very shortened time frame.**

Counsel are reminded that the informal Motion practice for minor pretrial issues is only in lieu of the Motions practice outlined in the Electronic Case Filing Procedures for the District of Minnesota/Civil when all parties agree, or when an exigency exists. Any party may insist on the formal Motion practice, absent an exigency.

BY THE COURT:

Dated: January 28, 2011

s/ *[signature]*
Leo. I. Brisbois
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * *

      Plaintiff,

vs.                                              PRETRIAL ORDER

      Defendant.                        Civ. No. 10-    (JNE/LIB)

* * * * * * * * * * * * * * * * *

Pursuant to Pretrial Conference convened on _____, 2011, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Schedule will govern these proceedings. **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures for the District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **[INSERT DATE]**. The period during which the parties may conduct discovery shall terminate on **[INSERT DATE]**. Disputes with regard to pre-discovery disclosures or discovery shall be called

immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Order. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **[INSERT DATE]**.

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **[INSERT DATE - this date should be 30 days after the discovery deadline]**, by calling Victoria L. Miller (218-529-3520), Calendar Clerk for Magistrate Judge Leo I. Brisbois. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a) and the Electronic Case Filing Procedures for the District of Minnesota. No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

IV.

That no more than **[INSERT NUMBER]** Interrogatories (counted in accordance with Rule 33(a), Federal Rules of Civil Procedure), shall be served by any party.

V.

That no more than **[INSERT NUMBER]** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VI.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the expert witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

    a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

    b.    The compensation to be paid for the study and testimony;

    c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

    d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    e.    The data or other information considered by the witness in forming the opinions; and

    f.    Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **[INSERT DATE]**. The Defendant's disclosures shall be made on or before **[INSERT DATE]**.

VII.

That the parties [**do**] [**do not**] contemplate taking expert depositions.  No more than **[INSERT NUMBER]** experts may be deposed by any party without prior Order of the Court.

VIII.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

IX.

That all dispositive Motions shall be served, filed and **SCHEDULED** by **[INSERT DATE - this date should be 30 days after the date for non-dispositive motions/Paragraph III]**.  Counsel for the moving party shall call Calendar Clerk Sheri Frette, 612-664-5890, to schedule the Hearing.  All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b) and the Electronic Case Filing Procedures for the District of Minnesota.  Counsel are given notice that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.  Counsel are also forewarned that the dispositive Motion deadline date and the Trial date **will not** be changed.

X.

That this case shall be ready for Trial on **[INSERT DATE[1] -this date should be four (4) months after the date for dispositive motions/Paragraph IX]**, or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's [**Jury**] [**non-Jury**] Trial calendar.

BY THE COURT:

Dated: _____
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

---

[1]**THIS DATE IS NOT A TRIAL SETTING DATE**. The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.